FILED
00 FEB -4 PM 3:47
CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMINADAB TORRES, as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, Deceased, and as the Court Appointed Guardian of CHRISTOPHER AMINADAB TORRES, as Mother of the Deceased, FELIX RODRIGUEZ, as Father of the Deceased, SHERRI LYNN CUILLEY, Wife of the Deceased and CHRISTOPHER TORRES, Son of the Deceased,

Plaintiffs,

vs. CASE NO. 99-1662-CV-18-B

ORANGE COUNTY, FLORIDA; BILLY RAE BLAKEY, individually and in his capacity as Medical Director of the Orange County Corrections Division; LEONARD EDWIN BRANCH, III, individually and in his capacity as Chief Psychologist of the Orange County Corrections Division; DR. FERNANDEZ, individually and in his capacity as a Psychiatrist for Orange County Corrections Division; DR. PEREZ, M.D., individually and in his capacity as a medical doctor for the Orange County Corrections Division; STEVE HANKINS, individually and in his capacity as Chaplin for the Orange County Corrections Division; ORVILLE CLAYTON, individually and in his capacity as a Registered Nurse for the Orange County Corrections Division; B. WEST, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; MARILYN I. MOORE, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JOANNE GREEN, individually and in his capacity as a Licensed Practical Nurse for the Orange County Corrections Division; SHIRLEY SENIOR, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JEANNIE P. MARTINEZ, individually and in her capacity as a Licensed Practical Nurse for

DENIED and SO ORDERED this 9 day of March, 2000

G. KENDALL SHARP
United States District Judge

FILED
00 MAR -9 AM 7:54
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA



COPIES MAILED
ON 3-9 2000
Deputy Clerk

SCANNED

6

the Orange County Corrections Division; S.A. (Jane Doe), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; TONI L. ACKLEY, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JANICE MATTHEWS, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; NURSING SUPERVISOR COLEMAN, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; SANDY HODGES, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; T. GORDY, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; NURSE DAWNER, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; PATRICIA PETRARCA, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; NURSE T. WHILEY (JANE DOE), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; CORRECTIONS OFFICER NAZARIO, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; S.R. BELLAMY, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; CORRECTIONS OFFICER KIMRAJ, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; STEPHEN D. GRICE, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; RUTH A. TOOKES, individually and in her capacity as a Corrections Officer for the Orange County Corrections Division; KATHY CARSON, individually and in her capacity as a Corrections Officer for the Orange County Corrections Division; CORPORAL R.N. HENESY, individually and in his capacity of Supervisor of Correctional Officers; and CORPORAL DAVID J. JONES, individually and in his capacity of Supervisor of Correctional Officer.

Defendants.

_______________________________________/

**DEFENDANT ORANGE COUNTY'S MOTION TO DISMISS
OR IN THE ALTERNATIVE
MOTION FOR MORE DEFINITE STATEMENT
AND INCORPORATING MEMORANDUM OF LAW**

COMES NOW, the Defendant, ORANGE COUNTY, FLORIDA, by and through its undersigned attorneys, and moves this Honorable Court for the entry of an order dismissing the Plaintiffs' Complaint, or in the alternative for a more definite statement, and as grounds therefore would show to the Court as follows:

**INTRODUCTION**:

The Plaintiffs, who are identified as AMINADAB TORRES, as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, Deceased, and as the Court Appointed Guardian of CHRISTOPHER AMINADAB TORRES, as Mother of the Deceased, FELIX RODRIGUEZ, as Father of the Deceased, SHERRI LYNN CUILLEY, Wife of the Deceased and CHRISTOPHER TORRES, Son of the Deceased, have sued twenty-eight Defendants for alleged violation of civil rights under 42 U.S.C. §1983, and for wrongful death against ORANGE COUNTY, FLORIDA, and negligent infliction of emotional distress against Defendants HANKINS and NAZARIO. The alleged basis for the claim under 42 U.S.C. §1983 arises from the death of MARTIN ROMERO TORRES, during his incarceration at the Orange County Corrections facility known as the Municipal Justice Annex. There are twenty-seven Defendants who are alleged to have been employed by Orange County Corrections and are sued in their official and individual capacities.

I. **STANDARD FOR MOTION TO DISMISS**:

Pursuant to *Federal Rule of Civil Procedure*, 12(b)(6) a dismissal shall be granted if the complaint fails to state a claim

upon which relief can be granted. A court should not dismiss a complaint for failure to state a claim unless it appeared beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Wright v. Newsom, 795 F.2d 964, 967 (11th Cir. 1986). In evaluating a motion to dismiss a complaint, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. Hunning v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The court, however, does not generally accept as truth conclusory allegations. So. Florida Water Management District v. Montalvo, 84 F.3d 402 (11th Cir. 1996).

The court is also authorized pursuant to *Federal Rule of Civil Procedure* 12(e) to grant a motion for more definite statement. If a pleading, to which a responsive pleading is permitted, is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

## II. PLAINTIFFS' COMPLAINT FAILS TO PROPERLY ALLEGE A CAUSE OF ACTION AGAINST TWENTY-EIGHT DEFENDANTS.

The Plaintiffs, in their original Complaint, attempts to establish a claim for violation of civil rights, wrongful death, and negligent infliction of emotional distress against the Defendant ORANGE COUNTY, FLORIDA, and twenty-seven other Defendants. The Complaint contains only three counts, but seeks to establish liability against the Defendant, ORANGE COUNTY, FLORIDA, as well as the twenty-seven other individual Defendants, who are alleged to be employed by the Defendant, ORANGE COUNTY, and sued in

their official capacities.

The Complaint contains one count for violation of civil rights wherein all twenty-eight Defendants are jointly sued. The attempt to establish joint and several liability against twenty-eight Defendants within one count for violation of civil rights, is not authorized nor permitted under federal law. It is unquestionable, that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action against each Defendant. Fullman v. Gradicks, 739 F.2d 553, 556-57 (11th Cir. 1984). Furthermore, under 42 U.S.C. §1983, a theory of respondeat superior, does not provide the basis for recovery. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Therefore, Defendant, ORANGE COUNTY, cannot be held vicariously liable under 42 U.S.C. §1983, for the acts or inactions of the twenty-seven individual Defendants who have been sued in their individual capacities. See Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985). In civil rights cases, the doctrine of respondeat superior cannot serve to hold supervisors liable for the acts of employees. Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990). Thus, the Plaintiffs have attempted to establish joint and several liability of twenty-eight Defendants, in one count for violation of civil rights which is clearly improper and should be dismissed. The Plaintiffs should be required to allege how each named Defendant is involved in the alleged constitutional violation and how liability will attach to each individual Defendant under 42 U.S.C. §1983. Schebel v. Charlotte County, 833

F.Supp. 889 (M.D. Fla. 1993). In civil rights actions, one cannot be held liable for actions and/or omissions of others, but can only be held responsible if one participated in deprivation of plaintiff's constitutional rights, or directed such action and/or omissions that resulted in such deprivations. Revis v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Salter v. Wainright, 802 F.2d 397, 401 (11th Cir. 1986).

III. THE PLAINTIFFS' COMPLAINT IMPROPERLY ALLEGES TWENTY-SEVEN "OFFICIAL CAPACITY" CLAIMS:

A claim of official capacity represents only another way of pleading an action against the entity who employs an officer or agent. An official capacity suit, is in all respects other than name, to be treated as a suit against the entity. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Under 42 U.S.C. §1983 claims against ORANGE COUNTY employees in their official capacity are redundant of identical claims against ORANGE COUNTY directly. Kentucky v. Gram, 473 U.S. 159, 165-66 (1995). Clearly, all twenty-seven of the official capacity claims which are presented against the individuals in this lawsuit, are unnecessary and are duplicitous since ORANGE COUNTY is named as a Defendant. Dismissal under those circumstances is entirely proper, since it is merely repetitious to sue multiple individuals for "official capacity" claims, which are in all respects the same as suing the government itself. Lafluer v. Wallace State Community College, 955 F.Supp. 1406, 1424 (M.D. Ala. 1996); Shelton v. Shoney's, Inc., 11 Fla. L. Weekly Fed. D564 (M.D. Dis. Fla. March 4, 1998). The Complaint only alleges that two of the twenty-seven Defendants were

responsible for establishing policy and custom at the Orange County Jail, otherwise, there is no further allegation that each of the individuals are "policy-makers" whose acts would directly establish custom, policy or practice for Orange County Corrections.

Under 42 U.S.C. §1983, the liability of ORANGE COUNTY can only be established if the alleged constitutional violation occurred as a result of a custom, policy or practice of the government entity. See Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978). A municipality or government entity cannot be held liable solely because it employs a tort feasor. Thus, it would appear that it is entirely unnecessary, that the Complaint be permitted to stand with twenty-seven official capacity claims.

IV. **EACH OF THE PLAINTIFFS DO NOT HAVE STANDING UNDER FEDERAL OR STATE LAW:**

The style of the Complaint shows that five Plaintiffs are named and seek individual damages under 42 U.S.C. §1983 as well as under Florida Wrongful Death Act. The analysis of federal and state law would hold that only one individual Plaintiff has standing to pursue damages for violation of civil rights under 42 U.S.C. §1983 as well as the wrongful death claim under Florida law. Under Florida law, the Personal Representative of the Estate of MARTIN ROMERO TORRES, will be charged with the duties and responsibilities to bring any viable claim on behalf of the members of the Estate of MARTIN ROMERO TORRES.[1] Assuming that each of the individuals named in the lawsuit fall within the definition of a

[1] See *Florida Statutes* §768.20

"survivor" under the Wrongful Death Act, the Personal Representative is charged with the responsibility of bringing this action on their behalf. However, under Florida law, it is impermissible for the individual survivors and members of the Estate to be named as party plaintiff in the action for wrongful death. Veltmann v. Walpole Pharmacy, Inc., 928 F.Supp. 1161 (M.D. Fla. 1996).

Federal law does not confer standing upon each family member to file a lawsuit for violation of the decedent's civil rights. Frye v. City of Herculaneum, 44 F.3d 668 (8th Cir. 1995). Most circuits hold whether a civil rights claims exists under 42 U.S.C. §1983 is determined by the state law governing survival of actions. Landrum v. Moats, 576 F.2d 1320 (8th Cir. 1978). Compensatory damages for deprivation of a federal right are governed by federal standards as provided by congress in 42 U.S.C. §1988. Sullivan v. Little Hunting Park, 396 U.S. 229, 239 (1969). The Supreme Court has construed §1988 to mean that "both federal and state rules on damages may be utilized, which ever better serves the policy expressed in the federal statutes." See Sullivan at page 240. The district court's task is to adapt common law rules of damages to provide fair compensation for injuries caused by the deprivation of a constitutional right. Carey v. Piphus, 435 U.S. at 258 (1978).

Title 42 U.S.C. §1988 authorizes courts to look at the common law of the state where this is necessary to furnish suitable remedies under §1983. Federal courts are to turn to state law in order to fill gaps which may exist in federal law. Brazer v.

Cherry, 293 F.2d 401 (5th Cir. 1961). The resort to state law will permit the full effectual enforcement of the policy sought to be achieved by the civil rights statutes. The focus of any award for damages under §1983 is to compensate for the actual injuries caused by the particular constitutional deprivation. Memphis v. Community School District v. Stachura, 477 U.S. 299 (1986). The amount of damages to be awarded should be grounded in determination of the Plaintiffs' actual losses. The Supreme Court has stated that §1983 remedies are "supplemental to any remedy any state might have" and "have no precise counter part in state law". Wilson v. Garcia, 471 U.S. 261, 272 (1985). While there is no requirement the state remedy be employed to compensate for the violation of a federal interest, it should be utilized if the federal law fails to provide a sufficient remedy. Robertson v. Wegmann, 436 U.S. 584 (1978).

The application of Florida's wrongful death statute in no way would deny the party Plaintiffs the right to pursue either a federal civil rights cause of action or a wrongful death claim under Florida law. It is inconsistent with both federal common law and Florida state law to allow five party Plaintiffs to have standing in this lawsuit. The Complaint does not identify why it would not be possible for the Personal Representative of the Estate of MARTIN ROMERO TORRES to adequately bring forward either a federal civil rights cause of action or a wrongful death claim under Florida law, on behalf of the members of the Estate of MARTIN ROMERO TORRES.

There is no question, that under Florida's Wrongful Death Act,

it is the responsibility of the decedent's personal representative to bring a wrongful death action on behalf of the survivors and the decedent's estate. See *Florida Statutes* §768.16 et.seq. The personal representative of the estate is responsible for the conduct of the litigation, and in doing so, acts in a fiduciary capacity. Pierson v. DeLamerens, 656 So.2d 217 (Fla. 3rd DCA 1995). According to the allegations of the Complaint, the Personal Representative of the Estate of MARTIN ROMERO TORRES has been named to represent the Estate. The Personal Representative, AMINADAB TORRES, is also named as a party Plaintiff to the lawsuit. Federal case law recognizes that a violation of civil rights claim may be brought by the personal representative of an estate. See Frey at page 261.

Upon review of the allegations of paragraphs four, five, six and seven of the Complaint, it shows that SHERRI LYNN CUILLEY is allegedly the wife of the decedent, MARTIN ROMERO TORRES, and is seeking damages for loss of her relationship as a survivor under the Florida Wrongful Death Act. It is also alleged that CHRISTOPHER TORRES is the natural minor child of MARTIN ROMERO TORRES, deceased, and as a result, is entitled to maintain a cause of action for permanent loss of a family relationship with his father as well as pain and suffering under 42 U.S.C. §1983. There are no allegations within the Complaint as to why it is necessary for FELIX RODRIGUEZ, father of the deceased, to be named as a party to the proceedings.

Under Florida's Wrongful Death Statute §768.21, the damages are delineated and defined as follows:

1. Each survivor may recover the value of loss, support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating the loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancy of the survivor and the decedent and the period of minority, in the case of the period of minority, in the case of healthy minor children, may be considered.

2. The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.

3. Minor children and all children of the decedent if there is no surviving spouse, may also recover for loss of parental companionship, instruction and guidance for mental pain and suffering from the date of injury.

4. Each parent of deceased minor children may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.

5. Medical expenses due to the decedent's injuries or death may be recovered by a survivor who has paid them.

6. Decedent's personal representative may recover for the decedent's estate the following:

    a. Loss of earnings from the deceased from injury from the date of the death, loss support of survivors excluding contributions in kind, with interest.

> b. Loss of prospective net accumulation of an estate, which might be reasonable have been expected but for the wrongful death, reduced to present money value, but also be recovered...

Florida's wrongful death act further enumerates the party who shall be responsible to recover for each member of the decedent's estate. Specifically, *Florida Statutes* §768.20 defines the parties as:

> The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death...

Under *Florida Statutes* §768.17, the legislative intent of Florida's Wrongful Death Act is defined as follows:

> It is a public policy of this state to shift the losses resulting when wrongful death occurs from the survivor of the decedent to the wrong doer. §768.16-§768.27 are remedial and shall be liberally construed.

Because 42 U.S.C. §1983 does not define who has standing to bring a cause of action for violation of civil rights, this Court should look to Florida state law in order to fill gaps which may exist in the federal law. Gilmer v. City of Atlanta, Ga., 864 F.2d 734 (11th Cir. 1989). Florida law does not provide that each of the surviving members of the Estate of MARTIN ROMERO TORRES have standing to bring a claim for violation of civil rights. Florida law mandates that the Personal Representative of the Estate of MARTIN ROMERO TORRES be named as a party Plaintiff and only identity the members of the Estate who will be compensated as part of the claim by the Estate of MARTIN ROMERO TORRES. The fiduciary duty of the representative of the estate under Florida law,

requires that a claim be presented on behalf of each member of the Estate as identified under the Florida Wrongful Death Statute. Therefore, it is duplicitous and unnecessary for each of the survivors of the Estate of MARTIN ROMERO TORRES to be named as a party Plaintiff in this lawsuit.

V. PLAINTIFFS' CLAIM FOR "DECEDENT'S PAIN AND SUFFERING" SHOULD BE STRICKEN AS NOT PERMITTED UNDER FLORIDA LAW.

The Plaintiffs in paragraph eighty-two of their Complaint seek as an element of damages the "physical and emotional injuries and mental and physical pain and suffering, which resulted in the death of MARTIN ROMERO TORRES and his loss of enjoyment of life." Under Florida law, there is no question that any claim for the decedent's pain and suffering is not an enumerated element of damages that is permitted under *Florida Statutes* §768.21. It is also provided under *Florida Statutes* §768.20 that:

> When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.

Based upon the language of Florida' Wrongful Death Statute, it is unquestionable that the claims asserted within the Plaintiffs' Complaint are not permitted under Florida law. In analyzing the provisions of 42 U.S.C. §1983, it is undisputed that there are no defined elements of damages which are delineated to compensate for injury caused by a particular constitutional deprivations. The courts charged with the duty of evaluating principals of damages which have evolved within common law and fashioning a remedy appropriate to the injury. Gilmer v. City of Atlanta, Ga., cited

*supra*. In the Gilmer case, the Eleventh Circuit adopted the position that the federal courts are to turn to state law, in order to fill gaps which may exist in federal law.

Title 42 U.S.C. §1988 authorizes courts to look at the common law of the states where this "is necessary to furnish suitable remedies under 42 U.S.C. §1983." See Cary v. Piphus, 435 U.S. at 258 (1978). Damages under §1983 are determined by compensation principals brought over from common law. The Supreme Court in Cary points out that the adaption of common law rules to provide fair compensation for injuries caused by deprivation of a constitutional right is of some delicacy at time. However, the "focus of any award of any damages under §1983 is to compensate for the actual injuries caused by the particular constitutional deprivation. The amount of damages to be awarded should be grounded in the determination of the plaintiff's actual losses." The Plaintiffs' allegations in this Complaint involve a violation of civil rights to the decedent, MARTIN ROMERO TORRES, which allegedly resulted in his death. Members of the Estate of MARTIN ROMERO TORRES bring forth a claim for damages resulting from his death, and indeed, would be compensated for any damages resulting from his death. The Defendant submits that Florida law, on wrongful death damages, will indeed, redress or compensate any wrong that occurred for the death of MARTIN ROMERO TORRES. It would not deprive the Plaintiffs the right to recover for damages resulting in the alleged constitutional violation and that the elements of damages available under Florida's Wrongful Death Act will compensate the survivors of

MARTIN ROMERO TORRES for any alleged civil rights violations. Furthermore, the legislative intent of the Florida Wrongful Death Act is to be "remedial." <u>See</u> *Florida Statutes* §768.17. Florida as well as the Middle District of Florida falls within the jurisdiction of the Eleventh Circuit Court of Appeals.

Upon review of the U.S. Eleventh Circuit District Judges Association's *Pattern Jury Instructions (1990 Edition)*, the Court will note that elements of damages are enumerated for claims arising in wrongful death due to a violation of civil rights. Eleventh Circuit pattern jury instructions 3.1, 3.2, 3.3, 3.4 and 3.5, define and enumerate the elements of damages which are recoverable in cases of wrongful death. Upon review of the Eleventh Circuit pattern jury instructions, it is noted that there is no element enumerated that permits a jury to award damages for a "decedent's pain and suffering prior to the date of his death." Those pattern jury instructions as set forth by the Eleventh Circuit, are consistent with the elements of damages as enumerated in Florida's Wrongful Death Statute. Because these instructions are consistent with Florida law, the Defendant would respectively request that the Court adopt Florida's Wrongful Death Statute and the elements of damages recoverable under the Florida Wrongful Death Statute for this matter.

VI. **<u>HEDONIC DAMAGES ARE NOT RECOVERABLE AS AN ELEMENT OF A WRONGFUL DEATH CLAIM UNDER FLORIDA LAW</u>**.

The Complaint also seeks to assert a claims for "hedonic damages." Hedonic damages attempt to compensate the survivors of a decedent in a wrongful death action for "lost pleasures."

Because the Florida wrongful death act specifically enumerates and limits the damages which may be recovered by the survivors or estate, a claim for hedonic damages is not recognized. Brown v. Seebach, 763 F.Supp. 574, 583 (S.D. Fla. 1991). In short, hedonic damages are simply not included in Florida's Wrongful Death Act and are not a proper element of damages. A review of any applicable federal case law, does not suggest that hedonic damages are proper and should be enumerated in claims for alleged wrongful death. Likewise, Eleventh Circuit Pattern Jury Instructions, do not enumerate or recognize "hedonic damages." Therefore, the Defendant respectively request that the Court not adopt or recognize hedonic damages as an element of the damages for the Plaintiffs' violation of civil rights case and that those be stricken from the Complaint.

VI. COUNT II - WRONGFUL DEATH AGAINST ORANGE COUNTY FAILS TO STATE A CAUSE OF ACTION:

The Plaintiffs in Count II of their Complaint sues only the Defendant, ORANGE COUNTY, FLORIDA. The cause of action is only identified as a claim for "wrongful death." The claim fails to identify or enumerate any theory of liability, upon which, this Defendant is being held liable for the wrongful death of MARTIN ROMERO TORRES. There are no theories of liability identified under any state tort law which serve the basis for the Plaintiffs to pursue a claim for wrongful death. The failure of the Plaintiffs to identify any tort theory which is being pursued, leave this Defendant in a difficult if not impossible position of trying to assume what affirmative defenses should be raised in response to unknown theories of liability for alleged wrongful death.

*Federal Rule of Civil Procedure* 8(a) does provide liberal pleading requirements, but it does not eliminate the requirement for the plaintiff to identify the theories the liability upon which are being asserted against the defendant. Generally, a pleading is sufficient if it sets forth a short and plain statement of facts on which the pleading relies and informs the defendant of the nature of the cause of action against him. Cummings v. Warren Henry Motors, Inc., 648 S.2d 1230, 1232 (Fla. 4th DCA 1995). While one may assume that a theory of negligence is being asserted in the wrongful death claim, it is no were pled within the allegations of Count II of the Complaint. It is further not determined from the allegations of the Complaint, as to whether the Plaintiffs are pursuing any type of a "medical malpractice" claim under Florida Statutes and whether the provisions of Florida's medical malpractice statutory requirements have therefore been met and complied with prior to the institution of this lawsuit. See *Florida Statutes* §766.106.

Because Count II of the Complaint does not identify the nature of the cause of action against this Defendant, the Complaint should be dismissed and the Plaintiffs required to amend and set forth with specificity the enumerated theories of liability upon which the Plaintiffs' claim for wrongful death damages has been asserted. This Defendant as a governmental entity is entitled to numerous defenses including sovereign immunity, which may or may not be applicable to a particular theory which the Plaintiffs attempt to pursue in this matter. Until the Plaintiffs identify those

theories which are being pursued, the Defendant cannot reasonably anticipate and raise those appropriate affirmative defenses in response to this "wrongful death claim."

## CONCLUSION

The Defendant respectfully requests this Honorable Court to grant this motion to dismiss based upon the foregoing authority. Alternatively, this Defendant requests that the Plaintiffs be required to plead a more definite statement due to the deficiencies as set forth within this motion and memorandum of law.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by U.S. Mail on the 4 day of February, 2000, to **KENNETH S. FREDERICKSEN**, 116 America Street, Orlando Fl 32810; **JEANELLE G. BRONSON**, P.O. Box 538065, Orlando Fl 32853-8065; **REGINALD D. HICKS**, P.O. Box 2248, Orlando Fl 32802-2248; **HENRY W. JEWETT**, II, 201 E. Pine Street, Orlando Fl 32810; **ANDREW D. DeBEVOISE**; 315 E. Robinson Street, Orlando Fl 32801.

Bruce R. Bogan
Fla. Bar No. 599565
Eubanks, Hilyard & Bogan, P.A.
P. O. Box 4973
Orlando, FL 32802-4973
(407) 425-4251
Attorneys for Defendants
ORANGE COUNTY and STEVE HANKINS