

FILED

00 FEB 17 PM 3:44

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

AMINADAB TORRES, as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, Deceased and as the Court Appointed Guardian of CHRISTOPHER, AMINADAB TORRES, as Mother of the Deceased, FELIX RODRIQUEZ, as Father of the Deceased, SHERRI LYNN CUILLEY, Wife of the Deceased and CHRISTOPHER TORRES, Son of the Deceased.

        Plaintiffs,

VS.

CASE NUMBER: 99-1662-CV-18B

ORANGE COUNTY, FLORIDA; BILLY RAE BLAKEY, individually and in his capacity as Medical Director of the Orange County Corrections Division; LEONARD EDWIN BRANCH, III, individually and in his capacity as Chief Psychologist of the Orange County Corrections Division; DR. FERNANDEZ, individually and in his capacity as a Psychiatrist for Orange County Corrections Division; DR. PEREZ, M.D., individually and in his capacity as a medical doctor for the Orange County Corrections Division; STEVE HANKINS, individually and in his capacity as Chaplin for the Orange County Corrections Division; ORVILLE CLAYTON, individually and in his capacity as a Registered Nurse for the Orange County Corrections Division; B. WEST, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; MARILYN I. MOORE, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JOANNE GREEN, individually and in his capacity as a Licensed Practical Nurse for the Orange County Corrections Division; SHIRLEY SENIOR, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections



12

Division; JEANNIE P. MARTINEZ, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; S.A. (Jane Doe), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; TONI L. ACKLEY, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JANICE MATTHEWS, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; NURSING SUPERVISOR COLEMAN, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; SANDY HODGES, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; T. GORDY, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; NURSE DAWNER, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; PATRICIA PETRARCA, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; NURSE T. WHILEY (JANE DOE), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; CORRECTIONS OFFICER NAZARIO, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; S.R. BELLAMY, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; CORRECTIONS OFFICER KIMRAJ, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; STEPHEN D. GRICE, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; RUTH A. TOOKES, individually and in his/her capacity as a Corrections Officer for the Orange County

Corrections Division; KATHY CARSON, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; CORPORAL R.N. HENESY, individually and in his capacity of Supervisor of Correctional Officers; and CORPORAL DAVID J. JONES, individually and in his capacity of Supervisor of Correctional Officers.

Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT, ORANGE COUNTY'S MOTION TO DISMISS OR MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATING MEMORANDUM OF LAW

COMES NOW the Plaintiffs, AMINADAB TORRES, Individually and as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, CHRISTOPHER TORRES, FELIX RODRIQUEZ and SHERRI LYNN CUILLEY, and files this their Response to the Defendant, ORANGE COUNTY'S, Motion to Dismiss and in support thereof would state as follows:

### I. STANDARD FOR MOTION TO DISMISS

The Plaintiffs would agree with the standard set forth in Section I of the Defendant's Motion and would incorporate the cases cited therein in this Motion for the Court to consider. Furthermore, Rule 8(a)(2), Federal Rules of Civil Procedure states that the Complaint shall contain "a short and plain statement of the claim showing that the Pleader is entitled to relief" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). In evaluating a Motion to Dismiss a Complaint, the factual allegations of the Complaint are accepted as true

and the Motion must be denied unless it is clear the Plaintiff can prove no set of facts in support of the claims in the Complaint. <u>South Florida Water Management District v. Montalvo</u>, 84 F.3d 402 (11th Cir. 1996).

The factual allegations upon which the Plaintiffs claim relief, as outlined in Paragraphs 38 through 82 of the Complaint, go well beyond a short and plain statement of the claim, and the individual Counts are also necessarily specific as to the various theories of liability in the individual Paragraphs cited in those claims. Therefore, the Plaintiffs' claim is not vague or ambiguous in any way, but sufficiently detailed for the Defendants to frame the appropriate responsive pleading. In fact, the Plaintiffs specifically allege, in may cases, what the individual Defendants should have done at that time of the facts cited in order to alleviate the continuing violation of the Civil Rights of the late Martin Romero Torres.

## II. DEFENDANT'S ALLEGATION THAT PLAINTIFFS' COMPLAINT FAILS TO PROPERLY ALLEGE A CAUSE OF ACTION AGAINST TWENTY-EIGHT (28) DEFENDANTS

The Defendant's Motion is ambiguous as to the grounds for the failure to allege a cause of action and appears to incorporate claims as to the individual Defendants, as well as, the liability of Defendant, ORANGE COUNTY. As to the cause of action against ORANGE COUNTY and the official capacity claims are also covered under Section III of the Defendant's Motion, the Plaintiffs will discuss the Motion in regard to the claim against ORANGE COUNTY at that point. However, the Plaintiffs would point out that the Defendant, ORANGE COUNTY, complains that they cannot be held liable under 42 U.S.C. §1983 on a theory of Respondent Superior, nor can the supervisors or any individual employees. Nowhere in the Complaint do the Plaintiffs claim that ORANGE COUNTY or

4

any individual supervisors are guilty of a violation of the Civil Rights of the deceased based upon Respondent Superior. To the contrary, the factual allegations stated in Paragraphs 38 through 82 of the Complaint clearly show the individual actions or omissions of each of the individual Defendants and how that deprived the deceased, MARTIN ROMERO TORRES, of his Civil Rights by exhibiting a deliberate indifference to his serious medical and psychiatric needs. Furthermore, no where in the Complaint do the Plaintiffs indicate that they feel that the individual Plaintiffs are "jointly and severally liable" for the violation of Civil Rights of the Deceased, Martin Romero Torres, as the Defendants claim.

In addition to accepting the statements of the Complaint as true, what is required of the Plaintiff's Complaint is that "sufficient detail must be given so that the Defendant, and the Court, can obtain a fair idea of what the Plaintiff is complaining, and see that there is some legal basis for recovery." Rule 8, Federal Rules of Civil Procedure. The specific factual allegations of Paragraphs 38 through 82 of the Complaint clearly provide sufficient detail to the Defendants to understand what the Plaintiffs are complaining of, that there is a basis for recovery, and fairly allow the Defendants to reply in an appropriate manner. It is inconceivable that the Defendants could not understand what the Plaintiffs are complaining of and the making of such a claim by the Defendant, ORANGE COUNTY, is purely frivolous. Furthermore, the claims of the Plaintiffs are not vague or conclusory in any fashion. In fact, they are based upon the "statements", with rare exception, of individuals, and statements or actions of the individual Defendants as gleaned from the records of the Orange County Corrections Division obtained through a public records request.

The Plaintiffs agree that supervisors cannot be held liable for the acts of employees

under their supervision as cited in the Defendant's Motion. Furthermore, "one can not be held liable for the actions and/or omissions of others. . . " <u>Schebel v. Charlotte County</u>, 833 F.Supp. 899, 891 (M.D. Florida 1993). However, "personal participation is not specifically required for liability under Section 1983 . . . " Id. there simply needs to be a casual connection between the named defendant and the injury allegedly sustained. Id. citing <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991) and <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). Direct participation is not required because one can be held liable for violation of Civil Rights through omission, as well as commission, when presented with factual circumstances upon which that individual should have acted. Accordingly, the allegations in the fact based Paragraphs 38 through 72 of the Complaint regarding various supervisors specifically alleges information they were given regarding the serious medical and psychiatric needs of the deceased, Martin Romero Torres, and these supervisors failed to react appropriately. Consequently, these supervisors are guilty of violating the Civil Rights of the deceased, Martin Romero Torres, through omissions and, in some cases, commission.

Finally, the Paragraphs establishing the facts and allegations within the Plaintiffs' Complaint describe individual actions of the individual Plaintiffs that resulted in the deprivation of the Civil Rights of the deceased, Martin Romero Torres. For economy sake, the Plaintiffs have listed each of the entities and individuals named in the Complaint individually, in one Count claiming damages for the deprivation of Civil Rights. It is clear that the Courts have been liberal in granting Plaintiffs the opportunity to amend their Complaint if the Court finds a deficiency therein. <u>Fullman v. Grattik</u>; <u>Schebel v. Charlotte County</u>, *supra.*

WHEREFORE, the Plaintiffs would request this Court to allow them the opportunity to amend their Complaint, rather than dismissing the Complaint, if the Court finds that there was any deficiency contained within the original Complaint filed with this Court.

### III. DEFENDANT'S ALLEGATION THAT PLAINTIFFS' COMPLAINT IMPROPERLY ALLEGES TWENTY-SEVEN (27) OFFICIAL CAPACITY CLAIMS

Plaintiffs agree that Kentucky v. Graham, 473 U.S. 159(1995), does hold that such claims are duplicitous. However, this does not equate with dismissing the claims against these individuals in their official capacity. Defendant, ORANGE COUNTY, has gone to great length in its Motion to discuss that it does not have liability unless the violation of Civil Rights occurred as a result of a custom or policy established by the Defendant, ORANGE COUNTY. These customs or policies are established by individuals in their official capacity with an entity such as Defendant, ORANGE COUNTY. Therefore, such claims should not just be dismissed by the Court, but the Plaintiffs should certainly be allowed to amend their Complaint to clarify the allegation of the custom or policy established by various individuals, in their official capacity, even though that individual may not be a named defendant in their official capacity.

Furthermore, the Plaintiffs vigorously disagree with the Defendant, ORANGE COUNTY'S, assertion that the Complaint only alleges that two of the twenty-seven Defendants were responsible for the establishing policy and custom at the Orange County Jail. Paragraph seventy-five (75) of the Complaint clearly points out that there was a custom or policy of violating the standard operational policies and procedures which resulted in

deliberate indifference to the deceased Martin Romero Torres' serious medical and psychiatric needs. Obviously this is not a written policy, but one that was established by the practice of the individual(s) involved in his care and other like inmates at the jail, and charged with the duty of providing proper care to the inmates under the "official" policies outlined by the jail. These people who establish this custom under which the Defendant, ORANGE COUNTY, could be liable are the remaining twenty-five (25) individual Defendants, and other individuals, who did not "officially" have authority within their job description to establish policy for the jail, but who were allowed to establish custom through the omission of their supervisors. Liability on such a theory and foundation is clearly supported by case law. Bennett v. Slidel, 728 F.2d 762, 767 (5th Cir. 1985); Carter v. District of Columbia, 795 F.2d 116, 124 (D.C. Cir. 1986); Hamilton v. Rodgers, 791 F.2d 439, 443 (5th Cir. 1986); Bell v. Milwaukee, 746 F.2d 1205, 1272 (7th Cir. 1984); Ramos v. Chicago, 707 F.Supp. 345, 347 (N.D.Ill. 1989); Rowe v. Chicago, 664 F.2d 639, 631 (7th Cir. 1981); Young v. Sedgewick, 660 F.Supp. 918, 925 (D.Kan. 1987); Anderson v. Atlanta, 778 F.2d 678 (11th Cir. 1985); Wright v. Newsome, 795 F.2d 964 (11th Cir. 1986).

### IV. CLAIM THAT EACH OF THE PLAINTIFFS DO NOT HAVE STANDING UNDER FEDERAL OR STATE LAW

Defendants cite various aspects of the Florida Wrongful Death Act in their Motion which the Plaintiffs do not dispute or deny. SHERRI LYNN CUILLEY, as the legal wife of Martin Torres, and CHRISTOPHER TORRES, as the minor child of Martin Torres, clearly fit the definition of "survivors" and are entitled to damages under the Florida Wrongful Death Statute as laid out in Sections 768.18 and 768.21, Florida Statutes.

However, AMINIDAB TORRES and FELIX RODRIGUEZ, as parents of Martin Romero Torres, also seek damages for the injuries inflicted upon them for the wrongful death of their son under 42 U.S.C. §1983 as outlined in Paragraph 82 of the Complaint. Neither Frey v. Herculaneum, 44 F.3D 667 (8th Cir. 1995) or Gilmore v. City of Atlanta, 864 F.2d 734 (11th Cir. 1989), as cited by the Defendant, ORANGE COUNTY, are dispositive of whether or not both sets of claims for damages can be maintained in this cause of action. Rather than holding that both sets of damages could not be maintained in an action for a violation of Civil Rights as claimed by the Defendants, the Frey case stated "whether both can be asserted, consistently, as Section 1983 claims, or whether one or the other must be pursued, deserves full briefing and consideration by the District Court." Frey, *supra.* at 671. Furthermore, Gilmore did not address this issue because the Plaintiffs did not seek damages for the injuries to the survivors, only those suffered by the decedent. Therefore, the 11th Circuit did not decide whether both types of damages could be asserted. Gilmer, *supra.*, at 738.

In addition, SHERRI LYNN CUILLEY and CHRISTOPHER TORRES, seek damages inflicted upon them under 42 U.S.C. §1983 in addition to the damages that they may rightfully claim under the Florida Wrongful Death Statute. Frey, Gilmer and other cases ascribe to the notion that Federal Courts are to turn to State law in order to **fill gaps** which may exist in Federal law. (Emphasis added) See also Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961). It is not intended that the Federal Courts should look only to State law when the remedies under the Federal law contained in 42 U.S.C. §§1981-1988 are insufficient, but to supplement those areas where the damages prescribed by Federal law are inadequate to fulfill

the scope and purpose of the Federal Civil Rights Legislation. The various Circuits have been split as to the concise approach to take in assessing damages under §1983 claims. Several Courts have recognized that the survivors who have a close, personal, familial relationship with the decedent have personally had their Constitutional Rights violated by the wrongful conduct of the alleged Defendants and are entitled to maintain separate actions, especially the claims of parents. Bell v. City of Milwaukii, 746 F.2d 1205 (7th Cir. 1984); Greene v. City of New York, 675 F.Supp. 110 (S.D.N.Y. 1997); Smith v. City of Fontana, 818 F.2d 1411 (9th Cir. 1987).

Accordingly, it would not be proper for the Personal Representative of the Estate to bring the action on behalf of the survivors, or non-survivors, under 42 U.S.C. 21§ 1983. Accordingly, it is necessary for the individual Plaintiffs to be named Parties to bring their individual actions for the separate damages allowable for the Constitutional deprivation of Civil Rights.

## V. ALLEGATION THAT PLAINTIFFS CLAIM FOR DECEDENT'S PAIN AND SUFFERING SHOULD BE STRICKEN AS NOT PERMITTED UNDER FLORIDA LAW

This allegation and claim for relief under the Defendant's Motion is duplicitous of the preceding section and the Plaintiffs would incorporate their argument under Section IV herein. Furthermore, the Plaintiffs would acknowledge that the decedent's pain and suffering would not be allowed under the Florida Wrongful Death Act. However, a cursory review of the Complaint would note that the quoted Section from Paragraph 82 of the Complaint is not a part of the wrongful death claim under Florida law contained in Count II of the Complaint. Therefore, the Defendant's argument is completely moot.

The prayer of relief for the severe physical and emotional injuries and mental and physical pain which the deceased, MARTIN ROMERO TORRES, suffered prior to his death is part of the 42 U.S.C. §1983 claim for violation of Civil Rights. In addition to the Plaintiffs' preceding argument, they would point out that the Supreme Court of the United States has recognized that while the Court may look to State law rules to assist in computing the damages for civil rights violations, the award must ultimately be based in Federal Standards. The Court has said that analyzing a 42 U.S.C. §1983 claim means "that both Federal and State rules on damages may be utilized, whichever better serves the policies expressed in the Federal statute . . . The rule of damages, whether drawn from the federal or state sources, is a federal rule responsive to the need whenever a Federal Right is impaired. Sullivan v. Little Hunting Park, 396 U.S. 229, 240 (1969); Carey v. Piphus, 435 U.S. 247 (1978), cited by the Defendant, ORANGE COUNTY, goes far beyond the proposition that the Court is authorized to look to the common law of the States where this is "necessary to furnish suitable remedies under 42 U.S.C. §1983." The Court actually recognized that state law rules may sometimes further the purposes of §1983, and other times it may not. Id.  See also Memphis Community School District v. Stachura, 477 U.S. 299 (1986). The main objective in determining the compensation method and the damages allowed to be claimed is to further the purpose of 42 U.S.C. §1983, which is ultimately adequate (even substantial) compensation and deterrent. Carey v. Piphus, *supra*.

### VI. CLAIM OF DEFENDANT'S THAT HEDONIC DAMAGES ARE NOT DAMAGES ARE NOT RECOVERABLE AS AN ELEMENT OF WRONFUL DEATH CLAIM UNDER FLORIDA LAW

Defendants are correct that hedonic damages are not recoverable under Florida law.

However, that rule should not be followed in this case as it is inconsistent with the scope and purpose of 42 U.S.C. §1983.

Again, a casual reading of the Complaint would show that the claim for hedonic damages in Paragraph 82 are not made as part of the Florida Wrongful Death damages being sought. They are being made as part of the claim for damages under the 42 U.S.C. §1983 Civil Rights violation that resulted in the decedent's death. The Federal Courts have been consistent in finding that hedonic damages for loss of enjoyment of life by the decedent are recoverable under §1983 claims in order not to encourage perpetrators of §1983 violations to be encouraged to kill their victims, rather than simply inflict injury. Bell v. City of Milwaukee, *supra.*; Heath v. City of Hialeah, 560 F.Supp. 840 (S.B.Fla. 1983). See also the concurring opinion of Justice Powell and Justice Stewart in Carlson v. Green, 446 U.S. 14 (1980). Specifically, other circuits have found that state wrongful death laws, such as Florida's, which would allow a wrongful death action by the Decedent's heirs, but denying the Decedent's own claim for damages when death was caused by the §1983 violation to be inconsistent with the purpose and scope of §1983 and that the federal rule of survivorship of the personal injury claim should be allowed to survive in damages claimed thereon. Jaco v. Bloechle, 739 F.2d 239 (6th Cir. 1984); O'Conner v. Several Unknown Correctional Officers, 523 F.Supp. 1345 (E.D.Va. 1981); Bass v. Wallenstein, 769 F.2d 1173 (7th Cir. 1985); Bell v. City of Milwaukee, *supra.*

## VII. DEFENDANT'S ALLEGATION THAT WRONGFUL DEATH ACTION AGAINST ORANGE COUNTY FAILS TO STATE A CAUSE OF ACTION

Paragraph 83 of the Complaint clearly incorporates the allegations and factual statements set forth in the preceding paragraphs of the Complaint. Therefore, it is inexplicable that the Defendants would be unable to ascertain the nature of the claim being asserted against them and specifically plead under the Florida Wrongful Death Statute. The claim is one for wrongful death as caused by the violation of the Civil Rights of Martin Romero Torres. The Plaintiffs separately set a claim for damages as enumerated under the Wrongful Death Statute in Count II in order to provide guidance for the elements of damages that may not be fully clarified under federal law and where the Court may look to state law for guidance in the elements of damaged that may be claimed in this action.

The Defendants are correct that there is no allegation of medical malpractice under Florida law in this case. Therefore, it should not be of concern to them. If the Defendants wish to recognize that the decedent's death was caused through their medical malpractice, they are free to claim that the pre-suite requirements enumerated under Florida Statute, chapter 766 have not been plead or proven.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to deny the Defendant's Motion in total based upon the foregoing authority or, in the alternative, grant the Plaintiffs the opportunity to amend their Complaint to correct any deficiencies the Court may find in the original Complaint. Furthermore, the Plaintiffs would request 30 minutes for oral argument pursuant to Rule 3.07 of Local Rules of the Middle District of Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail to : BRUCE R. BOGAN, ESQUIRE at Eubanks, Hilyard & Bogan, P.A., P.O.

Box 4973, Orlando, FL 32802-4973; REGINALD D. HICKS, ESQUIRE at Perry & Hicks, P.A., P.O. Box 2248, Oralndo, FL 32805 and WALTER A. KETCHAM, ESQUIRE at Grower, Ketcham, Moré, Rutherford, Noecker, Bronson, Siboni & Eide, P.A., P.O. Box 538065, Orlando, FL 32853-8065 on this 17th day of February, 2000.

                                Kenneth S. Fredericksen
                                Florida Bar No. 0093963
                                Anthony Suarez, Esquire
                                Florida Bar No. 0922031
                                Parrish and Fredericksen, P.A.
                                116 America Street
                                Orlando, Florida 32801-3689
                                Telephone: (407) 849-1776
                                Facsimile: (407)648-4192
                                Trial Counsel for Plaintiffs