NIGHT BOX FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2000 FEB 23 PM 4: 55

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

AMINADAB TORRES, as Personal
Representative of the Estate of MARTIN
ROMERO TORRES, Deceased, etc., et al.,

    Plaintiffs,

vs.                            CASE NO.:  99-1662-CV-18B

ORANGE COUNTY, FLORIDA, et al.,

    Defendants.

_____/

### DEFENDANTS, EDWIN NAZARIO, SATERIA BELLAMY, STEPHEN D. GRICE, RUTH A. TOOKES, KATHY CARSON, RHONDA HENNESSY AND DAVID J. JONES', MOTION TO DISMISS AND INCORPORATING MEMORANDUM OF LAW

COME NOW the Defendants, EDWIN NAZARIO, SATERIA BELLAMY, STEPHEN D. GRICE, RUTH A. TOOKES, KATHY CARSON, RHONDA HENNESSY and DAVID J. JONES (hereinafter referred to as the "Corrections Officers"), by and through their undersigned attorneys, and hereby move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and as grounds therefor would show unto the Court as follows:

### STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. Hospital

17

Building Company v. Trustees of the Rex Hospital, 425 U.S. 738 (1976).   It is the accepted rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).   In ruling on a motion to dismiss, the trial court is required to accept the material allegations of the complaint as true, and to view the complaint in the light most favorable to the Plaintiff.  St. Joseph's Hospital, Inc. v. Hospital Corp. of America, 795 F.2d 948, 954 (11th Cir. 1986).   The Court is not, however, required to accept as true, conclusory allegations of the Plaintiffs.  South Florida Water Mgmt. District v. Montalvo, 84 F.3d 402 (11th Cir. 1996).

Additionally, while the standard of construction with respect to reviewing a denial of a motion to dismiss is liberal, it does not impose upon this Court the duty to rewrite the complaint for the Plaintiff, or to assume facts not contained within the Complaint. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993) ("While we are mindful of the liberal construction rules plaintiff cites to us, we do not think it overburdensome for her to be required to allege the factual basis for her claim.").  Indeed, in Peterson, the Eleventh Circuit Court of Appeal acknowledged that, based upon the record, the Plaintiff may have had a factual basis for her claim, but "[n]evertheless, she must plead those facts in order to survive a motion to dismiss."  Id.

## STATEMENT OF THE CASE

The Plaintiffs claim to be Aminadab Torres, as Personal Representative of the Estate of Martin Torres, Deceased, but also Ms. Torres individually as the mother of the deceased, Felix Rodriguez as the father of the deceased, Sherry Cuilley as the wife of the deceased, and Christopher Torres as the son of the deceased. The Plaintiffs have brought this lawsuit seeking money damages against the Defendants. The Plaintiffs allege they suffered damages as a result of a variety of acts, but primarily the failure to provide necessary medical care and treatment to Martin Torres, by the various Defendants, the Corrections Officers, during Martin Torres' incarceration at the Orange County Corrections facility. The Plaintiffs have sued the individual Defendants, all of whom are alleged to have been employed by the Orange County Corrections Department, as well as separately naming Orange County as a Defendant. The individuals are sued in their official and individual capacities.

The Complaint purports to allege three separate counts. Count I attempts to state a cause of action against all of the Defendants for the alleged violation of Martin Torres' civil rights under 42 U.S.C. §1983. Count II purports to allege a cause of action against ORANGE COUNTY for wrongful death but also incorporates and realleges by reference all of the previous paragraphs which make it somewhat unclear as to whether the Plaintiffs are attempting to allege a claim for wrongful death against all of the Defendants. Count III purports to allege a cause of action against Defendant HANKINS (an Orange County Corrections chaplain), Defendant NAZARIO (an Orange County corrections officer), and

3

various John Doe defendants for negligent infliction of emotional distress involved with concealing the condition of Martin Torres after his death from his family.

## ARGUMENT

A.  **The Complaint Fails to State a Cause of Action Against the Corrections Officers regarding the §1983 Claim.**

Count I of the Complaint attempts to state a cause of action against all 28 Defendants, including the Corrections Officers, for the alleged violation of Martin Torres' civil rights under 42 U.S.C. § 1983. However, other than making conclusory allegations that Defendant NAZARIO violated Martin Torres' constitutional rights by failing to address his medical and psychiatric needs (Complaint, ¶ 76), and actions attributed to Corporal JONES in ¶ 65 of the Complaint, at no other place in the Complaint do the Plaintiffs identify exactly what acts or inactions the Corrections Officers allegedly committed to cause harm to Martin Torres. In fact, the entire Complaint is completely void of any direct allegation or instance where the Corrections Officers are alleged to have even had contact of any kind with Martin Torres.

The Plaintiffs have sued the Corrections Officers in both their official and individual capacities. The doctrine of qualified immunity applies to the claims against the Corrections Officers in their individual capacity. The Complaint makes it clear that the Corrections Officers were performing discretionary functions in their capacity as Corrections Officers. Accordingly, the burden shifts to the Plaintiffs to establish that the Corrections Officers violated clearly established law. Mitchell v. Forsyth, 472 U.S. 511

4

(1985); Lassiter v. Alabama A & M University Board of Trustees, 28 F.3d 1146, 1148 (11th Cir. 1994).

Most of the allegations in the Complaint refer to the conduct of medical staff as opposed to the Corrections Officers. In fact, other than the introductory allegations in paragraphs 28 through 35 which state the Corrections Officers' names and employment status, substantive allegations with respect to the Corrections Officers are only found in paragraphs 49, 50, 52, 65, 67, 69, 70, 71, 75, 76 and 88. Those allegations are not specific enough to delineate the specific acts or inaction on the part of the Corrections Officers which amounts to a constitutional violation under 42 U.S.C. §1983.

As to Defendant NAZARIO, there are not specific allegations as to the personal participation of Defendant NAZARIO other than the allegations in paragraphs 70 and 71 to the effect that Defendant Nazario on December 28, 1997, advised Martin Torres' family that Mr. Torres was not feeling well and had to be taken to the hospital and further that family members of Mr. Torres after December 28, 1997, received denials that anything was wrong with Mr. Torres from Defendant NAZARIO.

With respect to the claims against Defendant JONES, the Complaint simply alleges in paragraph 65; that Corporal JONES met with Mr. Torres' parents and other family members and refused to allow them to see him; that Corporal JONES insisted that Mr. Torres was in good physical condition; that Corporal JONES refused to allow Mr. Torres' family to review his medical records; that Corporal JONES ignored pleas of outside parties about the obvious distress of Mr. Torres; that Corporal JONES failed to insure the

intake of sufficient fluids through intravenous application; that Corporal JONES failed to have him evaluated by appropriate psychiatric personnel; that Corporal JONES failed to give him more extensive medical intervention; and that Corporal JONES failed to have Martin evaluated and treated at a hospital.

Although the United States Supreme Court has held in keeping with Rule 8 of the Federal Rules of Civil Procedure that there is no heightened pleading requirement for official capacity claims under 42 U.S.C. §1983, there is still a heightened pleading requirement for individual capacity §1983 claims.  See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), and G.J.R. Investments v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998).  The Complaint as currently drafted fails to meet this heightened pleading requirement with respect to their 42 U.S.C. §1983 claims against the Corrections Officers.

In civil rights cases, the federal case law requires more than conclusory and vague allegations in order to properly state a cause of action against a defendant in his individual capacity.  Fullman v. Gradicks, 739 F.2d 553 (11th Circ. 1984).  The Plaintiffs should be required to specifically allege exactly what each Defendant Corrections Officer did to have caused an alleged constitutional violation of Martin Torres' civil rights, as well as how that liability creates a cause of action against said Defendants under 42 U.S.C. § 1983. Schubel v. Charlotte County, 833 F.Supp. 889 (M.D.Fla. 1983).  As presently pled, all the Complaint does is to lump the Defendant Corrections Officers under claims against all of the Defendants, twenty-seven in total, under some apparent attempt to establish joint

6

and several liability.   Moreover, in civil rights cases under the current federal law one cannot be held liable for the actions or inactions of others, and can only be held responsible if one actually participated in the deprivation of the Plaintiff's constitutional rights, or directed the action that resulted in such deprivations.   Revis v. Freeman, 940 F.2d 1491 (11th Circ. 1991); Salter v. Wainright, 802 F.2d 397 (11th Circ. 1986).   For these reasons, Count I of the Complaint should be dismissed against the Corrections Officers for failure to state a cause of action under 42 U.S.C. § 1983.

With respect to the claims that Corporal JONES refused to allow Mr. Torres' family to see him and review his medical records, such allegations do not state a constitutional violation.   There was no constitutional right requiring that Corporal JONES allow Mr. Torres' family to see him on December 28, 1997, or to allow Mr. Torres' family to review his medical records.   It should be noted that in paragraphs 50 and 54 of the Complaint, the Plaintiffs allege that Mr. Torres' family visited him on December 24, 1997, and December 26, 1997.   Before the Plaintiffs can prevail with respect to a 42 U.S.C. §1983 claim, the Plaintiffs are required to identify a precise constitutional right which has been violated.   Cottrell v. Caldwell, 85 F.3d 1480, 1485 (11th Cir. 1996). Thus, even before reaching the qualified immunity question, the Court should dismiss the Plaintiffs' lawsuit against Corporal JONES with respect to claims that Mr. Torres' family was not allowed to see him or his medical records because such facts do not amount to a constitutional violation.   Similarly, there is no constitutional violation in the Plaintiffs' allegations that Corporal JONES insisted that Mr. Torres was in good physical condition.

7

With respect to the Plaintiffs' allegations that Corporal JONES was deliberately indifferent to Mr. Torres' serious medical and psychiatric needs by insuring the intake of intravenous fluids or having Mr. Torres evaluated by appropriate psychiatric personnel or by failing to give him more extensive medical intervention, it is clear that Corporal JONES has been identified as a corrections officer and not as a health care provider, such as a nurse, doctor or psychiatrist.  Corporal JONES was not authorized to provide medical care as he was not a licensed health care provider.

It is also clear from the Plaintiffs' allegations that Mr. Torres was being monitored by Orange County Corrections health care providers on a regular basis as noted throughout the Complaint.  For example, the Plaintiffs allege that Mr. Torres was evaluated by Defendant MARTINEZ on December 24, 1997, and transported to Florida Hospital for an evaluation; that on December 26, 1997, at 5:30 A.M., a health care provider observed Mr. Torres; that at 9:00 o'clock A.M. on December 26, 1997, Defendant GREEN, a corrections nurse, observed Mr. Torres and made a referral to the Mental Health Unit for Mr. Torres; that at 8:00 o'clock P.M. on December 26, 1997, Defendant WEST, a corrections nurse, observed Mr. Torres; that during the early morning hours of December 27, 1997, Defendant SENIOR, a corrections nurse, observed Mr. Torres; that between 8:00 A.M. and 3:00 P.M. on December 27, 1997, Defendant GREEN, a corrections nurse, observed Mr. Torres; that during the evening hours of December 27, 1997, Defendant WEST, a corrections nurse, observed Mr. Torres; that during the early morning hours of December 28, 1997, Defendant SENIOR observed Mr.

8

Torres; that during the morning and afternoon hours of December 28, 1997, Defendant

SENIOR, a corrections nurse, reviewed Mr. Torres' condition. It is apparent, based on

Plaintiffs' own allegations, that Mr. Torres was receiving substantial medical care from

health care providers at the Orange County Corrections facility.

Accordingly, the Plaintiffs' allegations that Corporal JONES displayed deliberate

indifference to Mr. Torres' serious medical and psychiatric needs are absolutely contrary

to the Plaintiffs' own recitation of the facts allegedly leading up to Mr. Torres' death. In

order to allege a claim for deliberate indifference to a plaintiff's serious medical needs, the

plaintiff must allege more than mere negligence. Davidson v. Cannon, 474 U.S. 344

(1986). A difference of opinion over the need for medical treatment is not actionable.

Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976). It is apparent from the recitations in the

Plaintiffs' Complaint that Mr. Torres did indeed receive substantial medical treatment.

The only substantive allegations with respect to Defendants TOOKES, GRICE and

CARSON are that they were present during the shift wherein Mr. Torres died and

displayed deliberate indifference to Mr. Torres' serious medical and psychiatric needs in

that he was obviously unobserved for at least two hours after his death and an

undetermined amount of time prior to his death (paragraph 67 of the Complaint). Such

allegations do not specify the personal or direct involvement of either of such Defendants

and accordingly, such Defendants are entitled to qualified immunity. As noted previously,

the Complaint details substantial medical care being provided to Mr. Torres on December

28, 1997. A difference of opinion over the need, type or amount of medical care needed

does not equate to deliberate indifference of one's serious medical needs. There is no question but that Mr. Torres received substantial medical care. Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976). There are also no allegations as to any particular duties owed by the specific Corrections Officers. The Complaint simply alleges that they were present during the shift. There are not even allegations as to whether such Corrections Officers were assigned to Mr. Torres' housing location or were required to observe Mr. Torres.

There are no specific allegations as to acts or omissions of Defendant BELLAMY.

B.    The Complaint Improperly Alleges Official Capacity Claims Against the Corrections Officers.

The Complaint sues the Corrections Officers, along with the other Defendants, individually as well as "in their official capacity as Corrections Officers for the Orange County Corrections Division". However, the Complaint also names Orange County, Florida. It is repetitious and redundant to sue the Corrections Officers in their official capacity because of the fact that Orange County is also named as a Defendant. A suit against an individual in his "official capacity" is essentially the same as suing the government entity itself, which has already been done in this case. Lafleur v. Wallace State Community College, 955 F.Supp. 1406 (M.D.Fla. 1996); Shelton v. Shoney's, Inc., 11 Fla. L. Weekly Fed. D 564 (M.D.Fla. March 4, 1998). The federal courts have held that an official capacity suit is to be treated as a suit against the entity itself. Busby v. City of Orlando, 931 F.2d 764 (11th Circ. 1991). Therefore, under 42 U.S.C. § 1983, claims against Orange County employees in their official capacity, such as the claims against the

Corrections Officers, are redundant to the identical claims already being made against

Orange County. <u>Kentucky v. Graham</u>, 473 U.S. 159 (1995).

Additionally, the Complaint alleges common law claims against Defendant

NAZARIO for negligent infliction of emotional distress (Count III).  However, the Florida

Sovereign Immunity Statute bars the Plaintiffs' pendent state claims against Defendant

NAZARIO.  Specifically, the wording of § 768.28, <u>Fla.Stat.</u>, precludes a suit against

Defendant NAZARIO individually for negligence, and instead requires that any state

claims based on his actions be brought against the state agency which employed him, in

this case Orange County, Florida.  The pertinent part of that statute, §728.68(9)(a) states:

> no officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Paragraph eighty-eight of the Complaint specifically alleges that Count III is

based on the "negligent infliction of emotional distress under Florida law" against

Defendant NAZARIO, as well as several of the other Defendants.  The Florida

Supreme Court, in directly addressing this issue, has held that the intent of the 1980

amendments to the Sovereign Immunity Statute was to extend a veil of sovereign

immunity to specified government employees when they are acting within the scope of

their employment. <u>McGhee v. Volusia County Co.</u>, 679 So.2d 729 (Fla. 1996).  The

court went on to hold that the employing agency alone remains liable up to the limits

provided by the statute. Id. The court held that this veil is lifted only where the employee's acts fall outside the scope of employment, which is not alleged in the Plaintiffs' Complaint. Plaintiffs specifically allege that Corrections Officer NAZARIO was, in fact, acting within the course and scope of his employment with the Orange County Corrections Division. (Complaint, ¶ 76). Chief Justice Kogan, in writing for the majority, specifically recognized that "in any given situation either the agency can be held liable under Florida law, or the employee, *but not both*" (emphasized). Id. There has been no legislative intent to change the traditional law defining "scope of employment", which has been consistently applied to law enforcement agencies even after the amendment was made." 679 So.2d at 733.

Based on the McGhee holding, as well as the prodigy of case law interpreting McGhee, the claim against Defendant NAZARIO for negligent infliction of emotional distress should be barred because he was acting within the scope of his employment for the Orange County Corrections Department at the time of the alleged incident.

C.     Count III Fails to State a Cause of Action for Negligent Infliction of Emotional Distress

Despite making conclusory allegations, the Complaint does not establish that there was any direct physical impact between Defendant NAZARIO and any of the Plaintiffs. This is important because under Florida law the Plaintiffs must allege facts that demonstrate compliance with the impact rule in order to recover for damages under a theory of negligent infliction of emotional distress. R.J. v Humana of Florida, Inc., 652 So.2d 360 (Fla. 1995); Bodine v. Federal Kemper Life Assur. Co., 912 F.2d 1373 (11th

Cir. 1990); *cert. den.*, 111 S.Ct. 1105; <u>Swerhun v. General Motors Corp.</u>, 812 F.Supp.

1218, (M.D.Fla. 1993) (under Florida law the impact rule clearly bars recovery for

emotional distress absent any direct physical impact upon the plaintiff or tortious conduct

so egregious as to justify imputing malice and assessing punitive damages).   Therefore, for

the Plaintiffs to recover damages for emotional distress caused by the negligence of

Defendant NAZARIO, they must show that their emotional distress flowed from a

physical injury they sustained.   The Complaint does not allege this in any way as to any

Plaintiffs. *See also* <u>Coca Cola Bottling Co. v. Hagan</u>, 24 Fla. L. Weekly D 2688 (Fla. 5th

DCA Dec. 3, 1999); *and* <u>Brown v. Cadillac Motor Car Division</u>, 468 So.2d 903 (Fla.

1985).   For these reasons, Count III of the Complaint must be dismissed as against

Defendant NAZARIO.

D.      <u>The Individual Plaintiffs Do Not Have Standing Under Federal or State Law
        Because of the Claims of the Personal Representative.</u>

Under Florida law, the Personal Representative of the Estate of Martin Torres is

charged with the duties and responsibilities of bringing any viable claim on behalf of any

surviving members of his estate.   § 768.20, <u>Fla. Stat.</u>   Therefore, under Florida law it is

impermissible for the individual survivors of the estate to be named as separate plaintiffs

for acts arising out of his death.   In addition, federal law does not specifically confer upon

each family member the right to file a separate lawsuit for violation of the decedent's civil

rights.   <u>Frye v. City of Herculaneum</u>, 44 F.3d 668 (8th Circ. 1995).   Instead, 42 U.S.C. §

1988 authorizes courts to look at the common law of the forum state to furnish suitable

remedies under § 1983.   <u>Id</u>.   The Supreme Court has held that § 1983 remedies are

supplemental to any remedy the state might have concerning claims such as those made in this case for wrongful death under § 1983. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985).

In the instant case therefore, Florida's wrongful death act should be observed by this court and applied to the claims made under 42 U.S.C. § 1983 in this case. *See* § 768.16, *et. seq*, <u>Fla.Stat.</u>. Under the Florida wrongful death act, it is the responsibility of the decedent's personal representative of the estate to bring an action for wrongful death on behalf of any of the survivors of the estate. *Id.* This means that the personal representative of the estate is also responsible for the conduct of any litigation resulting from the decedent's death. <u>Pierson v. DeLamarens</u>, 656 So.2d 217 (Fla. 3rd DCA 1995). In this case, the personal representative is already a party to the Complaint. For this reason, it is redundant, and in fact barred by the Florida wrongful death act, for the remaining individual Plaintiffs to also have a claim. These Plaintiffs would include , Aminadab Torres, individually as the mother of the deceased, Felix Rodriguez as the father of the deceased, Sherri Cuilley as the wife of the deceased, and Christopher Torres as the son of the deceased. Florida law does not provide that each of these surviving members of the estate of Martin Torres have standing to bring a claim for violation of his civil rights. § 768.16, *et. seq*, <u>Fla.Stat.</u>. This is clearly the domain of the personal representative. <u>Id</u>. Therefore, claims of all remaining Plaintiffs other than the personal representative should be dismissed.

E.   <u>The Plaintiffs' Claim for Martin Torres' Pain and Suffering Are Not Permitted Under Florida Law.</u>

14

Florida law does not provide as a separate element for damages the pain and suffering of the decedent in a wrongful death action. *See* § 768.21, Fla.Stat. Section 768.20, Fla.Stat., specifically provides that, when personal injury to the decedent results in his death, any action for personal injury that may have existed at the time is abated in lieu of a wrongful death action brought pursuant to the Florida wrongful death statute. The Eleventh Circuit, in Gilmer v. City of Atlanta, Ga., 864 F.2d 734 (11th Circ. 1989), provides that the federal court should look to the state law on this issue, that is the issue of damages the Plaintiffs may be entitled to under 42 U.S.C. § 1983 as it relates to the Florida wrongful death act. The Plaintiffs' claim for Martin Torres' pain and suffering related to his death, which is alleged in Count I and realleged in Counts II and III, should therefore be stricken. The survivors of Martin Torres' estate can be fully compensated for any alleged civil rights violations through the elements of damages available under Florida's wrongful death act.

In addition, Count I of the Complaint improperly seeks hedonic damages. As discussed above, because the Florida wrongful death act specifically enumerates and limits the damages which may be recovered by the survivors of an estate, the claim for hedonic damages is not proper. *See* Brown v. Seebach, 763 F.Supp. 574 (S.D.Fla. 1991). For this reason, the Plaintiffs' claim of hedonic damages in Count I should also be stricken. As discussed above, the survivors of Martin Torres' estate can be fully compensated through the elements of damages available under the Florida wrongful death act.

## CONCLUSION

15

For the foregoing reasons, the Complaint against the Corrections Officers should be dismissed in its entirety.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by mail delivery this 23rd day of February, 2000, to Kenneth S. Fredericksen, Esq., of Parrish and Fredericksen, P.A., 116 America St., Orlando, FL 32801-3689, and Anthony Suarez, Esq., of A. Suarez & Associates, 517 W. Colonial Dr., Orlando, FL 32804, co-counsel for Plaintiffs, and by mail delivery to Bruce R. Bogan, Esq., of Eubanks, Hilyard & Bogan, P.A., P.O. Box 4973, Orlando, FL 32802-4973; D. Andrew DeBevoise, Esq., of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Le Clainche, P.A., 315 E. Robinson St., Suite 510, Orlando, FL 32801; Reginald D. Hicks, Esq., of Perry & Hicks, P.A., P.O. Box 2248, Orlando, FL 32802-2248; and Jennings L. Hurt,

III, Esq., of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, 201 E. Pine St.,

Suite 1500, Orlando, FL  32801.


WALTER A. KETCHAM, JR.
Florida Bar No. 156630
JEANELLE G. BRONSON
Florida Bar No. 266337
GROWER, KETCHAM, MORÉ,
RUTHERFORD, NOECKER, BRONSON,
SIBONI & EIDE, P.A.
Suite 1900, 390 N. Orange Ave.
P.O. Box 538065
Orlando, FL  32853-8065
Phone: (407) 423-9545
Attorneys for Defendants, EDWIN NAZARIO,
SATERIA BELLAMY, STEPHEN D. GRICE,
RUTH A. TOOKES, KATHY CARSON,
RHONDA HENNESSY and DAVID J. JONES