UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMINADAB TORRES, as Personal
Representative of the Estate of
MARTIN ROMERO TORRES, deceased,
et al.,

    Plaintiffs,

vs.                           CASE NUMBER: 99-1662-CV-18-B

ORANGE COUNTY, FLORIDA, etc.,
et al.,

    Defendants.
_____/

## MOTION TO DISMISS OF DEFENDANT, SENIOR, AND SUPPORTING MEMORANDUM OF LAW

Defendant, Shirley Senior, pursuant to Federal Rule of Civil Procedure 12, hereby respectfully requests the Court enter an order dismissing the complaint as to her. As grounds, therefore, this defendant states:

1. The complaint fails to state a cause of action against Ms. Senior based on 42 U.S.C. § 1983 for the violation of the decedent's 8th Amendment rights against cruel and unusual punishment. The allegations are factually insufficient to set forth a prima facia case that Ms. Senior, on an individual basis, was deliberately indifferent to the decedent's serious medical needs.

2. The complaint improperly seeks damages on behalf of five plaintiffs. Pursuant to federal and state law, only one individual plaintiff has standing to pursue damages for violation of civil rights under 42 U.S.C. § 1983.

3. The complaint improperly makes a claim for the decedent's pain and suffering.

4. The complaint improperly makes a claim for hedonic damages on behalf of the plaintiff.

**MEMORANDUM OF LAW**

Ms. Senior respectfully submits the following memorandum in support of her motion to dismiss.

I. COUNT I OF THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST THIS DEFENDANT FOR "DELIBERATE INDIFFERENCE"

Ms. Senior adopts the legal arguments regarding deliberate indifference as set forth in the motion to dismiss and supporting memorandum of law of the other "nurse" co-defendants, West, Matthew, Moore, Green, Ackley, Coleman, Hodges, and Martinez, dated February 21, 2000. The following memorandum will examine how the factual allegations of the complaint with regard to Ms. Senior are insufficient as a matter of law to state a prima facia case for deliberate indifference against her.

The allegations against Ms. Senior are set forth in ¶ 43, 56, 57, 61, 62, 64, and 67 of the complaint. Ms. Senior was allegedly one of the nurses employed by the jail who provided care to the decedent.

Paragraph 43 alleges that on December 23, 1997, at 12:40 a.m. and 2:30 a.m., Ms. Senior noted persistent neurologic symptoms. It is also alleged that Ms. Senior notified her supervisor, Vicky Coleman, and that Ms. Coleman agreed to monitor and follow up with the decedent.

The allegations in ¶ 56 and 57 concern the early morning hours of December 27, 1997. It is alleged that Ms. Senior observed unusual behavior by the decedent, such as drooling and tremors. She allegedly instructed the decedent to stay in bed and to notify her of any unusual occurrences.

It is further alleged that Ms. Senior notified her supervisor, Sandy Hodges, of the alleged symptoms and that Ms. Hodges passed this information along to "main." Paragraph 57 alleges that both Ms. Senior and Ms. Hodges were told by Dr. Blakey, the jail's medical director, to keep the decedent on his present medications until he was stable.

Paragraph 61, 62, 64, and 67 concern Ms. Senior's alleged involvement with the decedent on December 28, 1997. In ¶ 61, it is alleged that in the early morning of December 28, 1997, Ms. Senior observed continued neurologic deficits, including drooling, unsteady gait, tremors, and a fall. Ms. Senior also allegedly observed the decedent's inability to move from his bunk to the cell bars for the purpose of taking vital signs. It is alleged that Ms. Senior felt the decedent was malingering.

It is further alleged that later in the day on December 28, 1997, Ms. Senior observed continued deterioration of the decedent's condition, including an inability to move from the toilet. Ms. Senior wrote that there was no distress noted on the part of the decedent.

Finally, it is alleged in ¶ 67 that the decedent was found dead in his cell at approximately 7:30 p.m. on December 28, 1997.

It is claimed that he had not been observed by any medical personnel, including Ms. Senior for two hours before his death.

As discussed in the February 21, 2000, memorandum supporting the motion to dismiss of defendants, West, Matthew, Moore, Green, Ackley, Coleman, Hodges, and Martinez, actions which might support a claim for medical malpractice are not sufficient to support a civil rights claim for deliberate indifference.  In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court clearly stated that treatment which was merely medical malpractice could not support a § 1983 claim based upon deliberate indifference.  In Estelle, the complaint's primary allegation was that "more should have been done" to diagnose and treat the plaintiff prisoner's medical condition.  The Supreme Court ruled that while the actions may have constituted medical malpractice, they did not represent cruel and unusual punishment.  Estelle at 107.

Moreover, the U.S. Supreme Court has ruled that liability may be imposed for deliberate indifference only if the plaintiff proves the defendant actually knew of "an excessive risk to inmate health or safety" and disregarded that risk.  Allegations or proof that the defendant should have perceived the risk, but did not, is insufficient to support a claim for deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 837-838 (1994).

In Campbell v. Sikes, 169 F. 3d 1353 (11th Cir. 1999), the 11th Circuit affirmed a summary judgment for a mental health counselor whose role in the treatment of the plaintiff is similar to that of Ms. Senior in this case.  It was claimed in Campbell

that the mental health counselor delayed treatment when she "had to have known" that further evaluation and assessment was required.

The 11th Circuit ruled that this proof was insufficient to establish the subjective mental intent required to support a deliberate indifference claim against the mental health counselor. There was no proof that the counselor knew her care was grossly inadequate, but still persisted in that treatment. Relying on the Supreme Court's decision in Farmer, supra, the 11th Circuit ruled that the counselor's failure to alleviate a significant risk that she should have perceived, but did not, was insufficient to support a finding of deliberate indifference under § 1983.

In this case, the complaint's allegations against Ms. Senior clearly fall within the rulings of Estelle, Farmer, and Campbell. In fact, the allegations with regard to Ms. Senior's actions on December 23 and 27, 1997, actually show the opposite of deliberate indifference. On both dates, it is alleged that Ms. Senior reported the alleged neurologic deficits to her supervisors and both times she was told by her supervisors that no change in the decedent's treatment was necessary. On December 23, 1997, Ms. Coleman agreed to monitor and follow up with the decedent (¶ 43). On December 27, 1997, Ms. Senior was allegedly instructed by Dr. Blakey, the jail's medical director, to maintain the decedent on his medications until he was stable. (¶ 56 and 57)

Despite the buzz words of "deliberate indifference," the allegations against Ms. Senior concerning her actions on December 28, 1997, are simply that she "did not do more" with regard to the

5

treatment of the decedent. Paragraph 64 merely alleges that Ms. Senior did not ensure the intake of sufficient fluids, failed to have the decedent evaluated by appropriate psychiatric personnel, failed to give the decedent more extensive medical intervention, and failed to have the decedent evaluated and treated at a hospital.

As with the mental health counselor in Campbell, these allegations are not sufficient to support a finding that Ms. Senior knew her care was grossly inadequate, but still persisted in that treatment. Even though an argument can be made that Ms. Senior should have known that her care was grossly inadequate, pursuant to Farmer and Campbell, there can be no liability for Ms. Senior's alleged failure to alleviate a significant risk that she should have perceived, but did not.

Ms. Senior respectfully submits that the factual allegations against her, individually, are insufficient to establish a prima facia claim that she possessed the subjective mental intent required to support a deliberate indifference claim pursuant to § 1983. Consequently, Ms. Senior respectfully requests the court dismiss count I as to her.

II. **THE PLAINTIFFS HAVE MADE IMPROPER DAMAGES CLAIMS PURSUANT TO FEDERAL AND STATE LAW**

Ms. Senior respectfully submits that the plaintiffs have set forth damages claims which are improper under both federal and state law. She adopts the arguments made by Orange County on these issues as set forth in Orange County's motion to dismiss and supporting memorandum of law dated February 4, 2000.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 29th day of February, 2000, to: Kenneth S. Fredericksen, Esquire, 116 America Street, Orlando, FL 32801; Anthony Suarez, Esquire, 517 W. Colonial Drive, Orlando, FL 32804; Jeanelle G. Bronson, Esquire, Post Office Box 538065, Orlando, FL 32853; Bruce R. Bogan, Esquire, Post Office Box 4973, Orlando, FL 32802; D. Andrew DeBevoise, Esquire, 315 E. Robinson Street, Suite 510, Orlando, FL 32801; Reginald D. Hicks, Esquire, Post Office Box 2248, Orlando, FL 32802.

_____
HENRY W. JEWETT, II, ESQUIRE
Fla. Bar No.: 380024
ART C. YOUNG, ESQUIRE
Fla. Bar No.: 935379
RISSMAN, WEISBERG, BARRETT, HURT,
  DONAHUE & McLAIN, P.A.
201 E. Pine Street, 15th Floor
Orlando, FL 32801
(407) 839-0120
Attorneys for Defendants,
B. West, LPN, Janice Matthew, LPN, Marilyn I. Moore, LPN, Joanne Green, LPN, Toni L. Ackley, LPN, Nursing Supervisor Coleman, Sandy Hodges, RN, Jeannie Martinez, LPN, Shirley Senior, LPN

HWJ:ACY:ap