# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION



AMINADAB TORRES, as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, Deceased and as the Court Appointed Guardian of CHRISTOPHER, AMINADAB TORRES, as Mother of the Deceased, FELIX RODRIQUEZ, as Father of the Deceased, SHERRI LYNN CUILLEY, Wife of the Deceased and CHRISTOPHER TORRES, Son of the Deceased.

        Plaintiffs,

VS.                                CASE NUMBER: 99-1662-CV-1813

ORANGE COUNTY, FLORIDA; BILLY RAE BLAKEY, individually and in his capacity as Medical Director of the Orange County Corrections Division; LEONARD EDWIN BRANCH, III, individually and in his capacity as Chief Psychologist of the Orange County Corrections Division; DR FERNANDEZ, individually and in his capacity as a Psychiatrist for Orange County Corrections Division; DR. PEREZ, M.D., individually and in his capacity as a medical doctor for the Orange County Corrections Division; STEVE HANKINS, individually and in his capacity as Chaplin for the Orange County Corrections Division; ORVILLE CLAYTON, individually and in his capacity as a Registered Nurse for the Orange County Corrections Division; B. WEST, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; MARILYN I. MOORE, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JOANNE GREEN, individually and in his capacity as a Licensed Practical Nurse for the Orange County Corrections Division; SHIRLEY SENIOR,

individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JEANNIE P. MARTINEZ, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; S.A. (Jane Doe), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; TONI L. ACKLEY, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; JANICE MATTHEWS, individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; NURSING SUPERVISOR COLEMAN, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; SANDY HODGES, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; T. GORDY, individually and in her capacity as a Registered Nurse for the Orange County Corrections Division; NURSE DAWNER, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; PATRICIA PETRARCA, individually and in her capacity as a Supervising Registered Nurse for the Orange County Corrections Division; NURSE T. WHILEY (JANE DOE), individually and in her capacity as a Licensed Practical Nurse for the Orange County Corrections Division; CORRECTIONS OFFICER NAZARIO, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; S.R. BELLAMY, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; CORRECTIONS OFFICER KIMRAJ, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; STEPHEN D. GRICE, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; RUTH A. TOOKES,

individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; KATHY CARSON, individually and in his/her capacity as a Corrections Officer for the Orange County Corrections Division; CORPORAL R.N. HENESY, individually and in his capacity of Supervisor of Correctional Officers; and CORPORAL DAVID J. JONES, individually and in his capacity of Supervisor of Correctional Officers.

Defendants.
_____/

## PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT NURSES AND SUPPORTING MEMORANDUM OF LAW

COME NOW, Plaintiffs, AMINADAB TORRES, as Personal Representative of the ESTATE OF MARTIN ROMERO TORRES, deceased, and AMINADAB TORRES, individually, as mother of Matin Romero Torres, FELIX RODRIQUEZ, as father of Martin Romero Torres, SHERRI LYNN CUILLEY and CHRISTOPHER TORRES and hereby respond to the Motion to Dismiss of Defendants, Bernadine West, Janice Matthew, Marilyn Moore, Joann Green, Toni Ackley, Vicky Coleman, Sandy Hodges, and Jeannie Martinez, and the Motion to Dismiss of Nurse Defendant, Shirley Senior, and respectfully request the denial of the Defendants' Motion and in support thereof would state as follows:

### I. COUNT THAT COMPLAINT FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE.

The Defendants' reliance upon Farmer v. Brennan, 511 U.S. 825, (1994) and Campbell v. Sikes, 169 F.3d 1353 (11th Circuit 1999) is inapplicable and inappropriate. Both of these cases are appeals of Summary Judgments, not holdings as to the necessary pleading

3

requirements for a plaintiff in a complaint. Farmer, *supra*, provides a definition for "deliberate indifference" that must be proven, not pled. Campbell, *supra*, provides an interpretation of the definition for "deliberate indifference" by the 11th Circuit for a very specific factual circumstance that does not apply here. Furthermore, these cases were in regard to summary judgment and claimed that the plaintiff could not prove the sufficient subjective mental intent that the defendants cite after appropriate discovery had been accomplished in the case following the plaintiff's initial pleadings. They do not stand for the proposition that the plaintiff's claim should be dismissed if they are unable to come up with complete factual circumstances prior to the initiation of a cause of action that may not fulfill the standard of proof. The fact is that all the proof is not known until discovery occurs. This would be a particularly onerous burden to place upon plaintiffs in the context of §1983 when the defendants almost always control and protect the location of the incident and the potential witnesses involved.

Secondly, while the Defendants claim that the Plaintiffs are merely stating a "more should have been done" claim that merely amounts to medical malpractice; the defendants are uniformly seeking to assert the "I just didn't know" defense that the Farmer, *supra*, decision almost inevitably leads to. However, the Defendants' citation of the Farmer case simply does not go far enough. The Supreme Court specifically denounced the "I just didn't know" defense as being insufficient and says that the Plaintiffs are not required to procure an admission of knowledge as to the substantial nature of the significant risk from any given defendant. Specifically, the Court stated:

4

> We are no more persuaded by petitioner's argument that, without an objective test for deliberate indifference, prison officials will be free to ignore obvious dangers to inmates. Under the test we adopt today, an Eighth Amendment claimant need not show a prison official acted or failed to act believing that harm actually would befall an inmate. It is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is **a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence**, and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, *supra,* at 842 (emphasis added).

This explanation by the Court points out again that the standard here is one of proof to be determined by the trier of fact and not one of pleadings that should be a matter for a Motion to Dismiss. Plaintiffs' pleadings are given every possible inference and are viewed in the light most favorable to the Plaintiff, Conley v. Gibson 355 U.S. 41 (1957); South Florida Water Management District v. Montalvo, 84 F.3d 402 (11th Cir. 1996). The allegation of subjective intent, cited by the Defendants, is encompassed in the Plaintiffs' pleading that each of these individual Defendants acted with "deliberate indifference." Furthermore, nowhere in the Plaintiffs' Complaint do they indicate that they feel that Martin Romero Torres was the victim of medical malpractice and that they are therefore entitled to damages for violation of his civil rights. It seems apparent that Martin Romero Torres was **indeed the victim of medical malpractice in this case,** but nowhere did the Plaintiffs make a claim for medical malpractice. What the Plaintiffs have pled and claimed is that what happened to Martin Romero Torres goes well beyond medical malpractice and is, in fact, a violation of his civil rights by and through the deliberate indifference of the individual Defendants and Orange County.

Furthermore, the Defendants have picked out certain paragraphs of the Plaintiffs' Complaint to isolate them and say that they, in and of themselves, do not show the requisite factual allegations for a claim of "deliberate indifference." The Plaintiffs have pled a lengthy and detailed factual scenario that involves not just one, but numerous Defendants, who acted in concert to violate the civil rights of Martin Romero Torres. These allegations should not be read in isolation or a vacuum. They should be read in total. The information presently available to the Plaintiffs comes mostly from the records of the Defendants themselves, which clearly shows the involvement of the specifically named Defendants, at specific times, during the eight day period in which Martin Romero Torres became increasingly ill, and then died. The Plaintiffs have no way of knowing at what other time during this period that the individual Plaintiffs were present at the jail, may have observed Martin Romero Torres, and had further information to show them of the grave danger he was in due to the deteriorating condition of his health, **and did nothing about it. That is the purpose of discovery.**

Moreover, with Defendants' reliance upon <u>Campbell v. Sikes</u>, *supra*, is also inappropriate and inapplicable to this actual set of circumstances. <u>Campbell</u> deals with the **issue of what is the proper treatment of a psychiatric or psychological condition, that is difficult to diagnose; may readily be disagreed upon by various professionals providing like types of treatment; and when the Defendant pursued a specific, arguably reasonable and deliberate course of treatment for the circumstances for which he was presented.** Furthermore, there was no specific circumstantial factual information which would indicate that the Defendant doctors subjective diagnosis in psychiatric or psychological treatment was

wrong so that they should have pursued a different line of treatment. Nor was there a clear indication of significant harm to the Plaintiff as a result of the misdiagnosis.

Contrariwise, the Complaint in this case deals with the physical condition of the deceased Martin Romero Torres, the medical review of his condition, diagnosis and treatment. It does not concentrate on his psychiatric or psychological care, although the medical problems that ultimately led to Martin Romero Torres' death are likely linked to his psychiatric treatment and the psychotropic drugs he may or may not have been taking at or around the time of his death.

Therefore, the Defendants' reliance on Campbell, *supra*, in regard to Defendant, Ford, in that case, is inapplicable to the nurse Defendants named here in this case. In Campbell, Defendant, Ford, was merely a mental health counselor who was untrained in diagnosing mental illness or unauthorized to prescribe medication dealing with issues purely related to psychological or psychiatric care. In this case, the Defendant nurses are specifically trained, according to the requirements of their licensure in the State of Florida, to observe, diagnose, report, and treat, as appropriate, various "medical conditions" that would primarily deal with the physical well-being of a patient. While they are not allowed to prescribe medication, they are required to be familiar with all types of medication, possible side-effects, and reactions that patients may have, and to observe the effects that medications may or may not have on patients during the course of their care. Specifically, the physical condition of Martin Romero Torres steadily and persistently deteriorated over many days while he was in the care and treatment of the nurse Defendants (and others) as outlined in the Plaintiffs' Complaint. This deteriorating physical condition is detailed in the very records that these Defendants made in

performing their duties. Furthermore, this deterioration was noted by Martin Romero Torres' family and other inmates who were present at the jail and the need for immediate attention to this condition was readily apparent to even these lay people. Martin Romero Torres' mother did not make a 911 call from the visiting area of the jail close to the time of his death because she, and the rest of her family, were being denied visitation to him at that time as the Defendants suggest. She was making a 911 call because her son's physical condition had seriously deteriorated over the past several days and it was painfully obvious.

Similarly, observations that Martin Romero Torres was unable to move from one spot to another or stand due to extreme weakness, probably secondary to dehydration, were so obvious that many of these Defendant nurses noted them in the record. Notations that his movement was so restricted that a wheelchair had to be used to transport him from one area to another and that he was suffering falls further emphasizes the point. Finally, referrals to "the mental health unit" because of Martin's "physical appearance" make it clear that these Defendants recognized his deteriorating physical condition and that he needed to get further treatment. Simply making referrals is indeed not enough and, as the Defendants claim, "more should have been done." However, the particular facts of this case go beyond an assertion that "more should have been done." The obvious nature of the risk involved showed that without "more being done," these individual Defendants were displaying deliberate indifference to a substantial risk that was so obvious that they had to know about it. They were trained to observe and recognize these types of problems and complications and the obviousness of it can lead a trier of fact to the conclusion that they comprehended it and choose to prevent it, thus fulfilling the subjective element required in <u>Campbell</u>, and <u>Farmer</u>,

*supra.*

Furthermore, <u>Campbell</u> stands for the proposition that a finding of deliberate indifference, which requires a finding of the Defendant's subjective awareness of the risk, can be shown through the totality of the circumstances surrounding the case. <u>Campbell</u>, *supra* at 1364, citing <u>Steele v. Shah</u>, 87 F.3d 1266 (11th Cir. 1996). <u>Shah</u> and <u>Campbell</u> stand for the proposition in the 11th Circuit that the Defendant "knew of a substantial risk from the very fact that the risk was obvious"...and "[The Defendant] deliberately disregarded that risk." <u>Id.</u>

WHEREFORE, the Plaintiffs, respectfully assert that the factual allegations, in total, against the Defendants listed in the Complaint are overwhelmingly sufficient to establish a prima fascia claim of the subjective mental intent required to support a deliberate indifference claim pursuant to 42 U.S.C. §1983. However, the Plaintiffs would further assert that a Motion to Dismiss is inappropriate based upon the authority cited and that the Motion should be dismissed for that reason. Consequently, Plaintiffs would respectfully request this Court to deny Defendants' Motion to Dismiss as listed.

## II. CLAIM AS TO IMPROPER DAMAGE CLAIMS

The Plaintiffs have filed a responsive Motion to similar claims on behalf of the Defendant, ORANGE COUNTY, and other Defendants in this action previously. The Plaintiffs would adopt and incorporate the Memorandum of Law as to the damage claims herein for purposes of this Motion and respectfully requests that the Court deny the Defendants' Motion to Dismiss with regard to the various damages that have been claimed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail to : ANTHONY SUAREZ, ESQ., *Suarez & Associates*, 517 W. Colonial Drive, Orlando, FL 32804 [Co-Counsel for Plaintiffs]; BRUCE R. BOGAN, ESQUIRE, *Eubanks, Hilyard & Bogan, P.A.*, P.O. Box 4973, Orlando, FL 32802-4973; D. ANDREW DEBEVOISE, ESQUIRE, *Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Le Clainche, P.A.*, 315 E. Robinson Street, Suite 510, Orlando, FL 32810; REGINALD D. HICKS, ESQUIRE, *Perry & Hicks, P.A.*, P.O. Box 2248, Oralndo, FL 32805 and WALTER A. KETCHAM, ESQUIRE, *Grower, Ketcham, Moré, Rutherford, Noecker, Bronson, Siboni & Eide, P.A.*, P.O. Box 538065, Orlando, FL 32853-8065 on this 7th day of March, 2000.

Kenneth S. Fredericksen
Florida Bar No. 0093963
Anthony Suarez, Esquire
Florida Bar No. 0922031
Parrish and Fredericksen, P.A.
116 America Street
Orlando, Florida 32801-3689
Telephone: (407) 849-1776
Facsimile: (407)648-4192
Trial Counsel for Plaintiffs